

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
NOV 16 1979
PATRICIA D. HOWARD
CLERK OF THE PANEL

11/16/79

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ALIEN CHILDREN EDUCATION LITIGATION    )    DOCKET NO. 398

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN,* AND ANDREW A. CAFFREY,
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

Presently before the Panel are seven actions pending in three districts: four in the Southern District of Texas; two in the Western District of Texas; and one in the Northern District of Texas. The complaint in each action alleges that Section 21.031 of the Texas Education Code (Vernon Supp. 1976), together with related policies and practices of various local Texas education authorities, illegally exclude certain alien children residing in Texas from receiving a tuition-free public education there.

Section 21.031 basically provides that only children between certain ages who are citizens of the United States or legally admitted aliens and reside within Texas are entitled to a tuition-free education in Texas' school system.[1]

---

\*    Judge Gurfein took no part in the decision of this matter.

1/    The relevant portions of the statute are as follows:

    (a)  All children who are citizens of the United States or legally admitted aliens and who are over the age of five years and under the age of 21 years on the first day of September of any scholastic

The Texas state courts upheld the constitutionality of Section 21.031 in <u>Hernandez v. Houston Independent School District</u>, 558 S.W. 2d 121 (Tex. Civ. App.-Austin 1977, writ ref'd n.r.e.).[2/] In September, 1978, however, a federal court in the Eastern District of Texas ruled, after several preliminary hearings and a trial, that Section 21.031 violates the equal protection clause of the fourteenth amendment to the United States Constitution and therefore is unconstitutional. <u>Doe v. Plyler</u>, 458 F. Supp. 569 (E.D. Tex. 1978). The federal court enjoined the enforcement of the statute only insofar as it pertains to the Tyler (Texas) Independent School District, the sole school district involved in <u>Doe</u>

---

[1/] Continued.

        year shall be entitled to the benefits of the available school fund for that year.

  (b)  Every child in this state who is a citizen of the United States or a legally admitted alien and who is over the age of five years and not over the age of 21 years on the first day of September of the year in which admission is sought shall be permitted to attend the public free school of the district in which he resides or in which his parents, guardian, or the person having lawful control of him resides at the time he applies for admission.

  (c)  The board of trustees of any public free school district of this state shall admit into the public free schools of the **district** free of tuition all persons who are either citizens of the United States or legally admitted aliens and who are over five and not over 21 years of age at the beginning of the scholastic year if such person or his parent, guardian or person having lawful control resides within the school district.

[2/] The <u>Hernandez</u> decision is discussed in <u>Doe v. Plyler</u>, 458 F. Supp. 569, 573-74 (E.D. Tex. 1978).

v. Plyler.[3/] Id. at 593. The State of Texas has appealed the decision in Doe v. Plyler to the Court of Appeals for the Fifth Circuit, but no oral argument has yet been scheduled.

The complaint in each action before the Panel also challenges the constitutionality of Section 21.031. In addition, each complaint alleges that certain policies and practices relating to Section 21.031 and adopted by an independent school district[4/] are unconstitutional and/or in violation of certain laws or treaties.[5/] Plaintiffs in each action are "undocumented immigrant children," or their parents, who reside in Texas. Texas and/or the Texas Education Agency (TEA) are involved in all actions, either as defendants or defendant-intervenors. The complaints in two of the Southern District of Texas actions and in the Northern District of Texas action each name a separate

---

[3/] The court had earlier certified this action as a class action on behalf of all school-aged children of Mexican origin residing within the boundaries of the Tyler school district who neither possessed nor were in the process of securing documentation that they were legally in the United States ("undocumented immigrant children"). Id. at 571 n.1, 574.

[4/] The complaint in one of the Southern District of Texas actions alleges that the Texas Education Agency (TEA) "has not implemented state-wide regulations or guidelines requiring school districts to implement uniform interpretations of Section 21.031. School districts throughout the State of Texas give varying interpretations to this statute."

[5/] Plaintiffs allege that these policies and practices violate, inter alia, 42 U.S.C. §1983; 42 U.S.C. §2000(d); the Universal Declaration of Human Rights, adopted by the United Nations General Assembly in 1948; and the Protocol of Buenos Aires, a 1970 treaty among the ratifying states of the Organization of American States.

independent school district, and its supervisor and board of education (the school district defendants), as additional defendants. A fourth and a fifth independent school district, together with their supervisors and boards of education, are named as defendants in, respectively, the two remaining Southern District of Texas actions and the two Western District of Texas actions.

Each of the actions was commenced as a class action. The classes sought generally consist of all undocumented immigrant children of school age who live with a parent or guardian within, respectively, one of the independent school districts involved in this litigation. While the classes sought in the two Western District of Texas actions are identical, as are the classes sought in two of the Southern District of Texas actions, there is no overlap among the classes sought in actions pending in different districts. The class sought in the Northern District of Texas action recently was certified. No class action determinations have yet been made in the other actions.

The Southern District of Texas actions were filed in late 1978. Three of these four actions have been consolidated for discovery purposes, and a motion to consolidate the fourth action with these three actions is pending. Discovery has commenced in these actions, and several depositions have been taken. Texas has stated to us that a hearing "on the merits" in these four actions presently is scheduled for early December, 1979.

The Western District of Texas actions were filed in, respectively, June and July 1979, and have been consolidated. Defendants have been enjoined from enforcing Section 21.031 in the school district involved in these actions pending further order of the court, and a hearing on plaintiffs' motion for a preliminary injunction presently is scheduled in the near future.

The Northern District of Texas action was commenced in April, 1979. A hearing on plaintiffs' motion for a preliminary injunction recently was held in this action and, the school district defendants assert, a "substantial" amount of documentary evidence and oral testimony was presented by plaintiffs and the school district defendants. The school district defendants further represent that Texas "has been effectively severed from and [did] not actively [participate] in and may not be affected by the preliminary injunction proceedings ... in the Northern District of Texas."[6/]  The motion for preliminary injunction was denied on September 13, 1979, and we have been advised by the defendants that the action has been set for trial commencing on November 26, 1979. The record before us does not reveal whether Texas is scheduled to participate in the trial, however.

---

[6/] A motion by Texas to intervene as a defendant in this action was granted on August 22, 1979.

Texas and the TEA originally moved the Panel to transfer all actions,[7/] but did not specify a transferee district. At the hearing on this matter, however, Texas and the TEA stated that they favor transfer of only the claims against Texas and the TEA to either the Southern or the Eastern District of Texas. The school district defendants in the Western District of Texas actions and in two of the Southern District of Texas actions joined in Texas' original motion for transfer, but have taken no position concerning transfer to any particular district.

Plaintiffs in the Southern District of Texas actions and in the Northern District of Texas action do not oppose transfer of their claims against Texas and/or the TEA, and the former plaintiffs suggest that either the Southern or the Eastern District of Texas would be an appropriate transferee forum for these claims. All these plaintiffs do oppose transfer of their claims against the school district defendants, however.

The school district defendants in the Northern District of Texas action oppose transfer of that action.

No other parties before us have responded.[8/]

---

[7/] Texas recently advised the Panel of six additional potentially related actions, three pending in the Southern District of Texas and three pending in the Eastern District of Texas. These actions were each recently filed, and will be treated as potential tag-along actions pursuant to Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

[8/] Plaintiffs in two of the potential tag-along actions pending in the Eastern District of Texas, see note 7, supra, have filed a brief with the Panel and were allowed to present oral arguments at the hearing on this matter, although these two actions were not set for hearing. These plaintiffs oppose transfer of any actions or claims in this litigation. Because these plaintiffs, as well as the other parties

We find that the claims in these actions against Texas and/or the TEA involve common questions of fact and that centralization of these claims in the Southern District of Texas for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We also conclude, however, that the claims in each action against the school district defendants involve only minimal, if any, common questions of fact, and that inclusion of those claims in the coordinated or consolidated pretrial proceedings herein ordered would not accomplish the goals of Section 1407. Accordingly, we sever those claims and remand them to their respective transferor districts.

The school district defendants in the Northern District of Texas action are the only parties in any of the actions currently before us that have opposed transfer of not only claims against school district defendants, but also claims against Texas.[9] These defendants contend that because Texas has had only a "minimal interest" in the **injunction** proceedings already conducted in that action, see page

---

8/ Continued.

in these plaintiffs' actions, will have an opportunity fully to brief and orally argue the question of transfer, see note 7, supra, we will not further consider these plaintiffs' arguments at this time.

9/ The TEA is not a party in this action. See page 5, supra.

5, supra, the school district defendants' "interests should not be injured and subordinated to the State of Texas by consolidation of the case now pending in the Northern District of Texas with other cases before this Panel." These defendants do not discuss the possibility of bifurcating the claims against them and the claims against Texas.

We are convinced that the course of action suggested by most parties -- coordinated or consolidated pretrial proceedings under Section 1407 concerning only the claims against Texas and/or the TEA -- is the most appropriate manner in which to proceed in this litigation.[10]

Initially, we find upon the basis of the record before us that the claims in each action against the school district defendants do not appear to share questions of fact. We note in particular that the TEA admitted at the Panel hearing that it has not promulgated uniform regulations concerning the implementation of Section 21.031, see note 4, supra, and we are persuaded by the unrefuted representations before us that discovery in each action concerning the school district defendants in all likelihood will be unique because (1) the individual school districts have different exclusionary

---

[10] We leave to the discretion of the transferee judge whether to include the claims against the school district defendants in the Southern District of Texas actions in the Section 1407 proceedings.

policies; (2) the characteristics of plaintiffs are different;[11]/ and (3) the population size affected by the exclusionary policies are different. Thus the efficient conduct of pretrial proceedings concerning these claims would not be enhanced by Section 1407 transfer of the claims.

On the other hand, we find that the claims in these actions against Texas and/or the TEA share questions of fact concerning whether the equal protection clause of the fourteenth amendment applies to undocumented aliens and, if so, whether Section 21.031 is supported by a rational basis. For example, some of these factual questions were considered by the court in Doe v. Plyler, supra, 458 F. Supp. at 573, and include the following: "(1) the historical framework of illegal immigration from Mexico to the United States; (2) the general characteristics of illegal immigrants; (3) school financing in Texas; and (4) the [immigration and] educational needs of Mexican children." Section 1407 pretrial proceedings concerning these claims are therefore necessary in order to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and **substantially**

---

11/ Concerning this factor, some of the parties before us state as follows:

> In some cases the plaintiff children are in the process of obtaining immigration law documentation and are by local practice of Immigration & Naturalization Service District offices immune from deportation even though the school district has found them to be aliens not "legally admitted." In other cases, the plaintiff children are presently undocumentable. Factually there is a need to examine the local policy of the Immigration & Naturalization Service and each of the Southern, Northern and Western District of Texas Cases are located within a different district office of the Immigration & Naturalization Service.

conserve the time and efforts of the parties, the witnesses and the federal judiciary. We observe that the transferee judge has authority to invoke procedures whereby discovery already completed in any action and relevant to the other actions can be made applicable to those actions. See In re Airport Car Rental Antitrust Litigation, 448 F.Supp. 273, 275 (J.P.M.L. 1978). See also In re The Upjohn Company Antibiotic Cleocin Products Liability Litigation, 81 F.R.D. 482 (E.D. Mich. 1979); Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

On the basis of the record before us, no district emerges as clearly the most appropriate transferee forum for this litigation. On balance, however, we conclude that the Southern District of Texas is preferable. Four of the seven actions before us (as well as three potential tag-along actions) already are pending there, and Houston is a convenient forum for all parties in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Southern District of Texas be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Woodrow B. Seals for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407(a), the claims against all defendants other than Texas and/or the Texas Education Agency in the actions listed on the following Schedule A and pending in districts other than the Southern District of Texas be, and the same hereby are, separated and remanded to their respective transferor districts for further proceedings.

DOCKET NO. 398
SCHEDULE A

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Sandra Cardenas, et al. v. Dr. Lee Meyer, et al. | Civil Action No. H-78-1862 |
| Jasper Garza, et al. v. Billy Regan | Civil Action No. H-78-2132 |
| Mayra Martinez, et al. v. Billy Regan, et al. | Civil Action No. H-78-1797 |
| Elvia Mendoza v. Dr. Johnnie Clark, et al. | Civil Action No. H-78-1831 |

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| A. Boe, et al. v. Linus Wright, et al. | Civil Action No. 3-79-0440-D |

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| J. and R. Roe, et al. v. William Holm, et al. | Civil Action No. MO-79-CA-49 |
| Joaquin Coe, et al. v. William Holm, et al. | Civil Action No. MO-79-CA-54 |

FPI—MAR—3-27-79-6M-1781